UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TYRELL DRANE,

                Petitioner,              Case No. 2:20-cv-10114

v.                                      HON. DENISE PAGE HOOD

CONNIE HORTON,

                Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR A STAY [3] AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES

Petitioner James Tyrell Drane recently filed a *pro se* habeas corpus petition and a motion to stay this case. For reasons that follow, the Court will grant the motion for a stay and close this case for administrative purposes.

## I. BACKGROUND

Petitioner alleges in his petition that, on September 3, 2015, he pleaded guilty to first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(c) and third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a). *See* Pet. at 1, ECF No. 1, PageID. 1. The trial court sentenced Petitioner to a term of fourteen to twenty-five years in prison for the first-degree conviction and ten to fifteen years in prison for the third-degree conviction. *Id.*

Petitioner appealed his convictions, claiming that defense counsel was ineffective for failing to consult a DNA expert and for recommending a plea without a DNA expert. *Id.* at 2, PageID. 2. The Michigan Court of Appeals denied relief, *see id.*, and on September 12, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the question presented to it. *Id.* at 2-3, Page ID 2-3; *People v. Drane*, 501 Mich. 864; 901 N.W.2d 104 (2017). On January 14, 2019, the United States Supreme Court denied certiorari. *See Drane v. Michigan*, 139 S. Ct. 924 (2019).

Petitioner dated his habeas petition on January 11, 2020, and on January 16, 2020, the Clerk of Court filed the petition. *See* Pet., at 1, 14, ECF No. 1, PageID. 1, 15. The grounds for relief and the supporting facts read as follows:

I.  Fourteenth Amendment void-for-vagueness statute for time-barred charges creating a radical jurisdictional defect.

 The offense date was hidden by the prosecution charging using a sixteen year offense date range. Other charges were dismissed as time-barred. The actual date offense was known as information was requested for that specific date. The date of offense revealed renders the offense time-barred by the statute of limitations.

II.  Fourteenth Amendment void-for-vagueness for statute MCL § 750.520b1c allowing invalid charges creating a radical jurisdictional defect.

 Precondiction (sic) felony, kidnapping, was voluntarily dismissed by the prosecution as time-barred and actually dismissed by the court as insufficient evidence. First-degree criminal sexual conduct during the commission of a dismissed kidnapping charge is an invalid charge.

2

III.   Fourteenth Amendment susbstantive (sic) and procedural due process violation for involuntary plea due to judicial participation and judicial preference.

Judge directly offered plea to defendant and coerciveness during pretrial, plea, and sentencing hearings.

IV.   Fourteenth Amendment due process violation for involuntary plea due to illusory bargain consideration.

Prosecutor provided empty promis[]es of not bringing time-barred charges from a new case, and di[s]missal of invalid charges.

V.   Fourt[e]enth Amendment due process violation for prosecution/police misconduct amounting to entrapment.

False police report created in an attempt to raise the degree of the offense and bypass the statute of limitations.   Original report located showing misconduct.

VI.  Sixth Amendment violation for ineffective assistance of counsel.

Failed to object to the above issue.

VII.   Sixth Amendment ineffective assistance of appellate counsel violation.

Failed to raise the above issues.

VIII.  Actual innocen[c]e

Undisclosed relationship between complainant and the mother of Defendant's (Petitioner's) child showing motive.   Second female sample included with in (sic) DNA evidence.   Collaterally innocent due to only being charged with dismissed, time-barred, or invalid charges.

IX.   Ineffective assistance of counsel for failure to consult DNA expert, and recommending plea without expert.

Inconclusive DNA, add[i]tional female donor, and counsel unqualified to as[s]ess DNA evidence.

Pet., ECF No. 1, PageID 5-12.

## II.  DISCUSSION

Petitioner seeks a stay of this federal proceeding while he exhausts state remedies for some of his claims.  The exhaustion doctrine requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State."  *O'Sullivan*, 526 U.S. at 845, 847.  To properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition.  *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).  A federal district court normally must dismiss a "mixed" petition, that is, one containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982).

Petitioner states that the only claim he raised in both the Michigan Court of Appeals and the Michigan Supreme Court is his claim that trial counsel was

ineffective for failing to consult a DNA expert and for recommending a plea without a DNA expert.  *See* Pet. at 2-3, ECF No. 1, PageID. 2-3.  This is claim nine in the habeas petition.  *See id*., PageID. 12.

Petitioner alleges that claims one through five are pending before the state trial court in a motion for relief from judgment.  *See id*., PageID. 5-12.  Petitioner further alleges that "it is in [his] best interest to present claims of ineffective assistance of counsel, involuntary plea, and void-for-vagueness statute to the trial court by way o[f] motion for relief from judgment prior to hav[ing] his defaulted habeas corpus issues decided by this court."  Mot. to Stay Proceedings at 1, ECF No. 3, PageID. 20.  The Count concludes that the petition is a "mixed" petition of one exhausted claim (claim nine) and several unexhausted claims.

A dismissal of the habeas petition while Petitioner pursues state remedies for his unexhausted claims could result in a subsequent petition being barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2244(d).  The Supreme Court explained in *Rhines v. Weber*, 544 U.S. 269 (2005), that

> [a]s a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.  For example, if the District Court in this case had dismissed

the petition because it contained unexhausted claims, AEDPA's 1-
year statute of limitations would have barred Rhines from returning to
federal court after exhausting the previously unexhausted claims in
state court. Similarly, if a district court dismisses a mixed petition
close to the end of the 1-year period, the petitioner's chances of
exhausting his claims in state court and refiling his petition in federal
court before the limitations period runs are slim.

*Id*. at 275.

To solve this problem, the Supreme Court approved a stay-and-abeyance

procedure, which permits district courts to hold a habeas petition in abeyance while

a petitioner returns to state court to pursue state-court remedies for previously

unexhausted claims. *See id*. "Once the petitioner exhausts his state remedies, the

district court [can] lift the stay and allow the petitioner to proceed in federal court."

*Id.* at 275-76. This stay-and-abeyance procedure normally is available when the

petitioner had good cause for the failure to exhaust his state remedies first in state

court, the unexhausted claims are potentially meritorious, and the petitioner is not

engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. If the prisoner

satisfies those conditions, the district court should stay, rather than dismiss, the

petition. *Id*. at 278.

Petitioner alleges that his appellate attorney was ineffective for failing to

raise claims one through six on direct appeal. Pet., ECF No. 1, PageID. 12. He

also asserts that he is innocent due to being charged with time-barred or invalid

charges. *Id.* He does not appear to be engaged in intentionally delaying tactics,

and his unexhausted claims are potentially meritorious. It would not be an abuse of discretion to stay this case while Petitioner pursues additional state-court remedies. The Court, therefore, will grant Petitioner's motion for a stay.

### III. ORDER

Based on the foregoing discussion, the Court **GRANTS** Petitioner's motion to stay this proceeding and to hold his habeas petition in abeyance (ECF No. 3). If Petitioner is unsuccessful in state court, he shall file an amended habeas corpus petition and a motion to re-open this case within sixty (60) days of exhausting state remedies.

The Court **CLOSES** this case for administrative purposes. Nothing in this Court shall be construed as an adjudication of Petitioner's claims.

s/Denise Page Hood
Chief Judge, United States District Court

Dated: May 6, 2020