UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TYRELL DRANE,

    Petitioner,         Civil No. 2:20-CV-10114
                                HONORABLE DENISE PAGE HOOD
v.                           UNITED STATES DISTRICT JUDGE

MIKE BROWN,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO ALTER OR TO AMEND JUDGMENT (ECF No. 27)

James Tyrell Drane, ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court denied the petition for writ of habeas corpus, declined to issue a certificate of appealability, but granted petitioner leave to appeal *in forma pauperis*. *Drane v. Brown,* No. 2:20-CV-10114, 2024 WL 249018 (E.D. Mich. Jan. 23, 2024).

Petitioner has filed a motion to alter or to amend the judgment, pursuant to Fed. R. Civ. P. 59. For the reasons that follow, the motion is DENIED.

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will

1

prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F. 3d 804, 834 (6th Cir. 1999); *See also Gritton v. Disponett*, 332 F. App'x 232, 238 (6th Cir. 2009). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley v. United Parcel Serv., Inc.,* 909 F.3d 834, 841 (6th Cir. 2018)(*quoting Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008)(additional quotation omitted)). Moreover, it is "well established" that Rule 59(e) relief is not warranted "when [a motion] is premised on evidence that the party had in his control prior to the original entry of judgment." *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 567 (6th Cir. 2016). Finally, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

      Petitioner's motion is difficult to understand. Petitioner notes that his first amended habeas petition, filed with his motion to reopen his case after it had been held in abeyance, raised only a subset of claims. In their answer, respondent argued that petitioner's *Ex Post Facto* claim was unexhausted and now procedurally defaulted because he no longer had any available state court remedies to exhaust the claim. Petitioner requested, and was granted permission, to file a second amended habeas petition. Petitioner argues that in his second amended petition, he pointed out that his *Ex Post Facto* claim had been exhausted as part of

his original first claim. Although this Court accepted petitioner's second amended petition, the Court ultimately denied him habeas relief. Petitioner somehow argues that he has now been prevented from obtaining *de novo* review of his claims by the Sixth Circuit on appeal.

This Court was well aware that petitioner argued that he had exhausted his claim that it was a violation of the *Ex Post Facto* Clause to retroactively apply Michigan's revised statute of limitations statute to extend the limitations period for the criminal sexual conduct offenses that he had been convicted of. This Court did not procedurally default the *Ex Post Facto* claim on the ground that it was unexhausted, but denied it on the merits. *Drane v. Brown*, 2024 WL 249018, at * 5. This Court concluded that there was no *Ex Post Facto* violation to extend the limitations period where the original limitations period had not yet run. *Id.*

Petitioner's motion to alter or to amend judgment is denied; Petitioner merely presents issues which were already ruled upon by this Court, either expressly or by reasonable implication, when denying the petition. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

## ORDER

**IT IS ORDERED THAT:**
   **The motion to alter or to amend the judgment** (ECF No. 27) is **DENIED**.

Dated: February 16, 2024

s/Denise Page Hood  
HON. DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE